In the matter of J. W. KELIIKOA and J. H. BARENABA, Attorneys-at-Law.

### COMPLAINT FOR MALPRACTICE.

### JANUARY TERM, 1885.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

Malpractice of certain attorneys reviewed and punished.

### OPINION OF THE COURT, BY McCULLY, J.

THE above named persons are licensed as attorneys under the provisions of the statute for licensing to practice in the police and district courts only, and for the limit of two years. Compiled Laws, p. 314. The Attorney-General cites them to respond to a

complaint for conduct contrary to their duties as licensed attor-
neys.

Upon the evidence, it appears that one Kaulahea, who may be
termed the complainant in the case, had been arrested upon the
charge of his wife for deserting her, and was confined at the sta-
tion house pending trial. Kaulahea testifies that he is eighteen
years of age. There is nothing in his appearance to indicate that
he is not nearly correct in this statement. He says that while in
a station house cell, Keliikoa presented himself at the bars and
solicited him to employ him as a lawyer for his defense, but that
he declined to do so. Keliikoa testified that he accepted, or re-
quested him, on a promise to pay him $25 "if he got clear."
Frank Metcalf, who was present, corroborates the testimony of
the latter.

Kaulahea was brought before the Police Court on Monday, De-
cember 8th, and, by remand, Wednesday, December 10th, mean-
while being detained in the station house. The Police Justice
testifies that his record does not show that any person appeared
as attorney, and his recollection is that no one did so appear, and
he recollects that Keliikoa and Barenaba were sitting in court, as
is in a measure customary with them, but did not hold them-
selves out as counsel in this case. Barenaba testifies that he be-
came concerned in the case by request of Keliikoa, who wished
him to assist, and promised or gave him the expectation of some
fee. He says he had had no interview with Kaulahea before the
trial. Barenaba testifies that in the Police Court he "saw that
Kaulahea was stupid (hupo), so I got up and stated to the Court
what I knew about Kaulahea's stupidity. There were no wit-
nesses for or against Kaulahea. Keliikoa did nothing in Court
but start to get up and sat down again, leaving me or asking me
to speak." It does not appear by the testimony and record of the
Police Justice that Barenaba was witness or spokesman in any
capacity.

What was the case on which Kaulahea was confined and brought
before the Court? The somewhat peculiar statute of June 17,
1862, with its amendments, now constituting Chap. 61 of the
Penal Code, provides that a husband or a wife may, upon sworn
complaint, procure a warrant for the arrest of the other having

deserted; that the Justice shall examine the difficulty, secure a reconciliation and promise to return, if practicable, in that case imposing no penalty. The Police Justice proceeded upon this law. No witnesses were called. He discovered that the difficulty on the part of the wife and her father was that the husband was not in receipt of income, and did not supply money. It also appeared to the Police Justice that the wife had a particular friend in a Chinaman who accompanied her. The husband either had not deserted his wife, or if he had, he consented before the Magistrate to return to her. Under the law, then, he should be discharged (for a first offense), and he was discharged, the Magistrate, who by the act is made an adviser, recommending that he seek and obtain employment.

Thus it appears that this was not a case needing the assistance of counsel, and that these attorneys gave no assistance, either in Court or out, for Barenaba's statement, if he did make one, was not the act of an attorney, but of an acquaintance, and the Police Justice did not need to be told that the defendant was stupid, for he says that he showed that before him, and we cannot take much account of the testimony of Keliikoa that it was in consequence of his advice to the defendant that he consented to return to his wife, as Keliikoa did not appear as his counsel, and it is not shown that he assisted in any manner in the matter for which he was charged.

When Kaulahea was discharged, he seems to have been taken in hand by Keliikoa and Barenaba. He had an interview in a private room with Keliikoa. He testifies that Keliikoa said to him, "You had better ship," that is, engage as a contract laborer; that if he did not ship he would have him arrested as a vagrant, and he might be imprisoned for five years. Keliikoa denies this, and the story lies between the two. Then Barenaba took him, as he says, by direction of Keliikoa, to a native runner by the name of J. K. Spalding, and the party, which Keliikoa and another had joined, went to the office of ————, agents for the ———— plantation, at Kauai, where Kaulahea "shipped" upon a contract for two years' service, receiving a cash advance of $60. (By Act of 1882, Chap. XXXIII. found in the Compiled

35

Laws, p. 459, no contract for labor over one year can be penally enforced if more than $25 advance is paid).

Without more detail it may be said that this not very bright young man continued beset by these friends and advisers till he had paid Keliikoa $25 and Barenaba $10 (though he admits only $5) for legal assistance, "depositing" $10 with the runner Spalding, for security that he should be on hand to go by steamer to Kauai, and $5 to him as "a gift," leaving himself $10 with which to meet his own requirements, and alleviate the difficulty with his wife, by which he had got into this trouble, and as his wages were at $15 per month, he thus anticipated four months' income for this net result, so that the assistance of his legal friends out of Court placed him in a position of far greater difficulty than he was in when confined in the station house. If in Court they gave him no professional help, doing nothing, out of Court they effectively and actively injured him.

Keliikoa further informs us that of his fee of $25 he paid $5 to Kauhane, an officer in charge at the station house, who had stated to him that Kaulahea wanted counsel, and had admitted him to the door of his cell. This circumstance we have remitted to the attention of the Marshal. It cannot be permitted that police officers shall be brokers or partners in attorneys' business.

Keliikoa and Barenaba have, by their own testimony, placed themselves in a most discreditable position. Taking the testimony of Kaulahea, of which we have quoted a part only, their conduct is still worse. They have used their licenses to injure the complainant. The whole course of their proceedings has been not to assist him in any manner, but to extort money from him for themselves.

It is not the intention of the law for licensing attorneys that they should have a special opportunity to plunder the ignorant and the timid. An attorney's license is granted on the theory that the licensee is competent to give assistance to clients and to the courts, and that he is of honest and honorable character. No precise lines can be laid down for the conduct of attorneys. Every case must be dealt with according to its own circumstances. The respondents herein have been guilty of conduct which violates their obligations as attorneys. We make some distinction

between them, deeming Keliikoa to be guilty of gross misconduct, and the principal actor and offender in this affair. We adjudge that his license be cancelled, and that he pay into Court the $25 received by him, to be held for Kaulahea, subject to the claim of the party who shipped him, if it shall appear that his contract is rescinded as being a minor or for the excessive advance.

Barenaba we suspend from practice for three months, and order that he pay into Court $5, subject to the same disposition with the above.

*Antone Rosa,* for the prosecution.
*Holokahiki* and *Poepoe,* for the defense.
Honolulu, January 20, 1885.